SID WOLINSKY (SBN 33716)
Disability Rights Advocates
2001 Center Street, Fourth Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
Email: general@dralegal.org

Attorney for Plaintiffs

JOHN A. RUSSO, City Attorney (SBN 129729)
RANDOLPH W. HALL, Assistant City Attorney (SBN 080142)
WILLIAM E. SIMMONS, Supervising Trial Attorney (SBN 121286)
STEPHEN Q. ROWELL, Deputy City Attorney (SBN 098228)
One Frank Ogawa Plaza, 6th Floor
Oakland, California 94612
Telephone: (510) 238-6520 Fax: (510) 238-6500
Email: sqrowell@oaklandcityattorney.org

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CALIFORNIA FOUNDATION FOR INDEPENDENT LIVING CENTERS; CALIFORNIANS FOR DISABILITY RIGHTS, INC.; and MARIAN GRAY,<br>Plaintiffs,<br><br>v.<br><br>CITY OF OAKLAND, et al.,<br><br>Defendants. | Case No. C 07-04608 EDL<br><br><u>Hearing</u><br>Date: December 18, 2007<br>Time: 10:00 am<br>Location: Courtroom E<br>Judge: Laporte<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

…TS ADVOCATES
…T, FOURTH FLOOR
…RNIA 94704-1204
…5-8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

The parties hereby submit the following Joint Case Management Statement for use at the Case Management Conference.

**1. Jurisdiction and Service**

This court has jurisdiction over this matter under the laws of the United States, as provided in 28 U.S.C. § 1331 and, further, as it arises out of an Act of Congress known as 29 U.S.C. § 1446. All defendants have been served with this action.

**2. Facts**

Plaintiffs filed a complaint in August 2007 alleging that Defendant City of Oakland is not prepared to meet the unique needs of people with disabilities during an emergency. Oakland maintains a disaster preparedness plan administered through its Office of Emergency Services (OES). OES plans for mass evacuation, temporary shelter needs, recovery animal care and special needs populations. Plaintiffs contend that potential shelter facilities are physically inaccessible (multiple levels with no elevators, no Braille signage, doorways that are too narrow, or restrooms and/or showers that are completely inaccessible to wheelchair users), and that Oakland's policies, procedures, and plans for people with disabilities are inadequate or non-existent. Plaintiffs also allege that the City lacks comprehensive information about the accessibility of potential shelter sites and thus that it cannot provide accessible sheltering options to people with disabilities or provide equal access to its shelter services. The City denies these contentions.

**3. Legal Issues**

Title II of the Americans with Disabilities Act ("ADA") prohibits a public entity from excluding a person with a disability from participating in, or denying the benefits of, the goods, services, programs and activities of the entity or otherwise discriminating against a person on the basis of disability. 42 U.S.C. § 12132. Plaintiffs argue that by failing to plan to meet the mass care and shelter needs of people with disabilities, Defendants have excluded them from participation in, denied them the benefits of, and discriminated against them in its mass care and shelter program and services in violation of this statute. Plaintiffs also argue that Defendants

have violated (a) Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination against people with disabilities by recipients of federal funding; (b) California Civil Code § 54, *et seq.*, by denying Plaintiffs full and equal access to and use and enjoyment of emergency shelter facilities and services due to the acts and omissions alleged herein; and (c) California Government Code § 11135 and the regulations promulgated thereunder, which prohibit discrimination against people with disabilities by any program or activity funded by the State.

Defendants deny these allegations. Defendants contend that plaintiffs lack standing and that their claims are not ripe.

**4. Motions**

No motions are currently pending.

**5. Amendment of Pleadings**

Neither party currently plans to amend the pleadings.

**6. Evidence Preservation**

Both parties have taken steps to preserve evidence reasonably relevant to the issues reasonably evident in this action.

**7. Disclosures**

The parties have stipulated, and the Court ordered on November 17, 2007, that the parties be relieved of the requirements imposed by Federal Rule 26(f), including the initial disclosure requirements.

**8. Discovery**

Waived by stipulation and so ordered, see (7) above.

**9. Class Actions**

Not applicable.

**10. Related Cases**

None.

**11. Relief**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Plaintiffs pray for relief as follows: (a) A declaration that Defendants' failure to adequately plan to meet the emergency mass care and shelter needs of people with disabilities violates the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, California Civil Code § 54, *et seq.*, and California Government Code § 11135, *et seq.*; (b) An order and judgment enjoining Defendants from violating the above, and requiring Defendants to comprehensively survey the accessibility of all potential shelter sites and develop and implement a mass care and shelter plan that addresses the emergency needs of people with disabilities; (c) Plaintiffs' reasonable attorneys' fees and costs; and (d) Such other and further relief as the Court deems just and proper.

**12. Settlement and ADR**

The Parties are optimistic about the possibility of settlement. Pursuant to the Court's Order, Magistrate Judge Bernard Zimmerman was assigned to preside over the settlement process. He recused himself on December 12, 2007, and the settlement process was reassigned to Magistrate Judge James Larson.

**13. Consent to Magistrate Judge for All Purposes**

The parties have consented to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14. Other references**

Not applicable.

**15. Narrowing of Issues**

None necessary at this time.

**16. Expedited Schedule**

Not applicable.

**17. Scheduling**

The parties suggest that this be deferred until a future case management conference.

**18. Trial**

Bench trial, since Plaintiffs seek equitable relief and not damages.

**19. Disclosure of Non-party Interested Entities or Persons**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

None known to the parties.

**20. Other**

The parties believe that continued settlement discussions under the supervision of a Magistrate Judge is the best course at this time.

Dated: December 11, 2007

DISABILITY RIGHTS ADVOCATES

By: [signature]
SID WOLINSKY
Attorney for Plaintiffs

Dated: December 11, 2007

OFFICE OF THE CITY ATTORNEY

By: [signature]
STEPHEN Q. ROWELL
JOHN A. RUSSO
RANDOLPH W. HALL
WILLIAM E. SIMMONS
Attorneys for Defendants

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644